AMERICAN BANK OF ALASKA v. DEISER et al.

(Fourth Division. Fairbanks. March 19, 1915.)

No. 1960.

ABATEMENT AND REVIVAL ⊙~81—PLEA IN ABATEMENT—TIME OF FILING.

A plea in abatement comes too late when interposed after a general demurrer.

McGowan & Clark, of Fairbanks, for plaintiff.

L. K. Pratt and H. E. Pratt, both of Fairbanks, for defendants.

BUNNELL, District Judge. This case is before me on plaintiff's motion to strike a plea in abatement interposed by one of the defendants, Mrs. P. D. Deiser, to strike from plea in abatement, and for judgment on the pleadings.

Since the filing of plaintiff's amended complaint, the records and files of this case show that the defendant Mrs. P. D. Deiser has appeared, first by a motion to strike portions of amended complaint; second, by a demurrer to amended complaint; and, third, by a plea in abatement. The defendant P. D. Deiser has entered no appearance, and order of default as provided by statute has been duly entered.

The subject-matter of the controversy is certain real property in the town of Fairbanks, Alaska, described in plaintiff's complaint, and mortgaged to plaintiff by the defendant P. D. Deiser; also a certain building erected on said real estate by the defendant Mrs. P. D. Deiser, after the recording of said mortgage, which was removed by the defendant Mrs. P. D. Deiser immediately prior to the instituting of this action in the district court for the Fourth division.

It is contended by the plaintiff that the building so removed is subject to the lien created by the mortgage. This the defendant Mrs. P. D. Deiser seeks to avoid, and by her plea in abatement prays the court that this action abate and be dismissed as to her.

⊙~See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Paragraph 4 of the prayer to plaintiff's amended complaint is as follows:

"That Mrs. P. D. Deiser be required to set forth what interest, claim, or title she has, claims, or asserts in the building hereinbefore described, removed from the mortgaged premises as above set forth, and for a decree of this court adjudging that said claim, title, or right is subsequent and subservient to the lien of plaintiff's mortgage thereon."

Counsel for the respective parties litigant herein have presented the matter exhaustively on what may eventually be the evidence on the trial of the issues; but, since there is no agreed statement of facts covering the entire subject-matter of the controversy, it is not within the province of the court to proceed beyond a disposition of the several motions.

Section 895 of the Compiled Laws of Alaska is as follows:

"The answer of the defendant shall contain:

"1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

"2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition."

The American & English Encyclopedia of Law & Practice, p. 20, under subtitle "Distinction Between Pleas in Abatement and Pleas in Bar," is as follows:

"One line of distinction between a plea in abatement and a plea in bar is that a plea in abatement sets up a matter tending to suspend the suit for the time being only, without preventing its recommencement at some future time when the facts relied on for the suspension no longer exist. A plea in bar, on the other hand, goes to the merits, and, if sustained, shows that the action cannot be maintained at any time, present or future. Accordingly, a plea which goes neither to the jurisdiction of the court, the competency of the parties as suitors, nor the sufficiency of the writ, and does not aver another suit pending between the same parties on the cause of action, but merely impugns the plaintiff's right of action, cannot be regarded as a plea in abatement, but is a plea in bar. Another essential difference between the two classes of pleas is that a plea in abatement must not only point out the plaintiff's error, but must also indicate in what manner it may be corrected, or, as it is commonly expressed, the plea in abatement must give the plaintiff a better writ, while in the case of pleas in bar this is not requisite."

1 Cyc. p. 130, under title "Abatement and Revival," subtitle "Time of Presentation," is as follows:

"A ground of abatement existing at the commencement of an action, and not going to the jurisdiction of the court over the subject-matter, must be interposed at common law, where it is not waived by appearance, before pleading to the merits, or it will not be available. As a general demurrer is considered as a plea to the merits, it follows that defendant cannot plead such matter in abatement after filing a general demurrer."

A plea in abatement as such comes too late when interposed after a general demurrer. If the subject-matter of defendant's plea in abatement was intended in bar, it is improperly named. The right to answer is held not to be waived. Plaintiff's motion to strike defendant's plea in abatement is sustained. This disposes of the motion to strike from defendant's plea in abatement. Plaintiff's motion for judgment on the pleadings is denied, and the defendant Mrs. P. D. Deiser is given ten days within which to answer.

An order as above indicated may be entered.